IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EDDIE WILSON, personal representative of the Estate of
DAVID WILSON, deceased, and on behalf of the wrongful
death beneficiaries of DAVID WILSON                                       PLAINTIFF

V.                                          3:22CV00053 JM

MARION SCHOOL DISTRICT,
JOHN DOE DEFENDANTS 1-3                                                   DEFENDANTS

## ORDER

Pending is Defendants' motion for summary judgment. (Docket # 23). Plaintiff has filed a response and Defendants have filed a reply. The matter is ripe for determination.

Plaintiff filed this action on March 3, 2022 alleging that his son, David Wilson ("David") was a victim of bullying and harassment while a student of Marion School District ("District"). David was a seventh-grade student at Marion Junior High School during the 2019-2020 school year. In his complaint, Plaintiff claims that David was a victim of bullying and harassment at school and that the District failed to take adequate action to stop the behavior. Plaintiff alleges that David became more despondent without any respite from the bullying and harassment and eventually committed suicide.

Eddie Wilson brings five causes of action against the District based on the following: (1) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) Title IX of the Education Amendment Act of 1972, 20 U.S.C. §1681 et seq. ("Title IX); (3) Title VI of The Civil Rights Act of 1964, 42 U.S.C. §2000d, et seq. ("Title VI"); (4) the Arkansas Antibullying Statute, Ark. Code Ann. §6-18-514; and (5) the Arkansas Wrongful Death Statute, Ark. Code Ann. §16-62-102. In his response the pending motion, Plaintiff agrees that he has no

claim pursuant to the Due Process Clause of the 14th Amendment based upon a "special relationship" or a "state created danger." Additionally, Plaintiff abandoned any state law or common law claims. Plaintiff argues that he has sufficient facts to support a claim for improper supervision under the Due Process Clause along with claims under Title IX and Title VI.

Facts

In support of the pending motion for summary judgment, the District filed a Statement of Undisputed Material Facts as required under Local Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Plaintiff failed to file a separate statement of material facts as to which he contends a genuine dispute exists to be tried. Local Rule 56.1(b). Additionally, Plaintiff failed to controvert the facts set forth in the statement filed by the District. Instead, Plaintiff filed a motion for leave to file his statement of disputed facts out of time. (ECF No. 36). The Court denied Plaintiff's motion but agreed to consider those disputed facts argued in his response brief. (ECF No. 41).

On summary judgment the Court will view "the facts and the inferences to be drawn from them in the light most favorable to [the plaintiff]," but such facts "must be properly supported by the record." *P.H. v. Sch. Dist. of Kan. City*, 265 F.3d 653, 656–57 (8th Cir. 2001) (internal citations omitted). *See Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) ("To survive a motion for summary judgment, the nonmoving party must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." (internal quotation marks and brackets removed) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)).

Before his suicide, the District was only aware of one incident involving David. (ECF 23-1). On February 13, 2020, David was assaulted by three other students in the locker room

during their first period football class. Wilson and his assaulters, who were all the same race, were taken to the vice principal's office by one the coaches. (ECF No. 23-2, 23-4). The assaulters were suspended from school for ten days and were removed from the football program. (ECF 21-1, 26). Wilson was not punished for the incident. There was no indication that the assault was an incident of bullying and was investigated as an assault or fight. (ECF 23-1).

The Vice-Principal, Ricky Everett, contacted David's parents the day of the incident and reported the assault to them. (ECF 23-7). The term "bullying" did not come up in the call. (ECF 23-9). Mrs. Wilson came to the school the next day but did not mention bullying. David did not complain to his mother about bullying prior to his suicide. (*Id.*). Mrs. Wilson first learned that David was experiencing any kind of harassment, bullying or assault at school after the fight on February 13, 2020. (*Id.*). Neither Plaintiff nor Mrs. Wilson ever reported to the District that they thought David was being bullied for any reason. (ECF 23-8, 23-9). The District was not aware of any harassment, bullying or assault against David before or after February 13, 2020. (ECF 23-1,23-7).

One of the assaulters testified that there were fights in the locker room as often as every other week, however, no one in the District was aware of the frequent fights. According to the assaulter, the coaches only learned of the fights on three or four occasions and on each occasion, the students involved were reprimanded. (ECF 23-6). One of the assaulters, M.L. testified that David was picked on because he was shy and would not respond (ECF 23-11). Another assaulter, C.Y., testified that the February 13 incident occurred because he thought David was talking about him and not because of the shade of his skin, how masculine he was, how athletic he was or because he was in the band. (ECF No. 23-6).

3

Standard of Review

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.* "[to] point out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the

4

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

In order to plead a substantive due process claim under the Fourteenth Amendment, a plaintiff must allege that the defendants violated a fundamental right and that the conduct "shocks the conscience." *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009). The Due Process Clause "protects against state action." *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 731 (8th Cir. 1993). Consequently, the United States Supreme Court has held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id*. at 732 (quoting *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989)). Students are private actors, and, even if a student physically assaults another student at a public school, the violence is considered private. *See id.* at 731 (holding that a student physically assaulting another student at high school constituted private violence). The Eighth Circuit has recognized two exceptions to the *DeShaney* rule – "first, in custodial and other settings in which the state has limited the individuals' ability to care for themselves; and second, when the state affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." *Gregory v. City of Rogers, Ark*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc), (citing,*Wells v. Walker,* 852 F.2d 368, 370 (8th Cir. 1988)). Plaintiff acknowledges that he does not have a claim pursuant to either exception. However, Plaintiff continues to assert a due process claim based on the District's failure to supervise. Plaintiff cites no authority which recognizes an exception to the *DeShaney* rule for student on student harassment other than the two recognized exceptions stated above. Undisputedly, the two recognized exceptions do not apply in this case, accordingly, Plaintiff's due process claims fail.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). However, a recipient of federal funds may only be liable for damages arising from its own misconduct. *Davis v. Monroe County Board of Educ.,* 526 U.S. 629, 641(1999) ("*Davis*"). Applying *Davis,* the Eighth Circuit has held that for a school district to incur liability under Title IX, it must be "(1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 782 (8th Cir. 2001). "[T]he school district's deliberate indifference must either directly cause the abuse to occur or make students vulnerable to such abuse, and that abuse 'must take place in a context subject to the school district's control.'" *Id.* (citing *Davis*). Here there is no evidence to suggest that David was discriminated against based upon his gender, his failure to conform to gender stereotypes or that the District was deliberately indifferent to such discrimination. The assaulters testified that the incident on February 13, 2020 either occurred because David was shy, or because he was believed to have "said something" about one of the assaulters. No evidence exists to suggest that David was assaulted on the basis of his sex or sexual orientation. Finally, there is no evidence to demonstrate that the District acted with deliberate indifference to known discrimination.

Further, in *Davis,* the Supreme Court stated: "It is not enough to show ... that a student has been teased ... or called offensive names." *Davis*, 526 U.S. at 652, 119 S.Ct. 1661 (citations and quotations omitted). Rather, the Supreme Court instructed in *Davis*, with respect to gender-based harassment:

> schools are unlike the adult workplace and that children may regularly
> interact in a manner that would be unacceptable among adults. . . . Indeed,
> at least early on, students are still learning how to interact appropriately
> with their peers. It is thus understandable that, in the school setting,

> students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it. Damages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender. Rather, in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it denies its victims the equal access to education that [the statute] is designed to protect.

*Id*. at 651–52, 119 S.Ct. 1661 (citation omitted). "Even giving the [plaintiff's] the benefit of every reasonable inference, the record in this case does not show [David] to have been the target of anything more than the sort of hurtful but immature behavior the Supreme Court has expressly said is not actionable under federal anti-discrimination law." *Est. of Barnwell by & through Barnwell v. Watson*, 880 F.3d 998, 1006 (8th Cir. 2018).

To demonstrate a Title VI claim, Plaintiff must show that race, color, or national origin motivated the defendant's discriminatory conduct. *See Thompson v. Bd. of Spec. Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998).  Title VI "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).  As with Plaintiff's Title IX claim, Plaintiff has failed to present sufficient evidence.  Plaintiff failed to present any evidence that David was bullied or harassed because of his race.  Although Mrs. Wison believes that it was possible that David was bullied because he had lighter skin than his assaulters, no evidence suggests that the assault occurred because of his skin color.  All of the individuals involved in the assault were black and according to the assaulters, the incident occurred either because of a personal issue or because David was shy. And again, there is no evidence that the District was deliberately indifferent to known discrimination.  David's death was a tragedy, but there are no issues of material fact which would preclude the District's motion for summary judgment.

Conclusion

For these reasons, Defendants' motion for summary judgment (docket # 23) is GRANTED.

IT IS SO ORDERED this 12th day of January, 2024.

_____
James M. Moody Jr.
United States District Judge